NATURAL GAS & FUEL CORPORATION *v.* ALOTTO.

Opinion delivered November 26, 1928.

*J. M. Shackleford* and *Buzbee, Pugh & Harrison,* for appellant.

*W. R. McHaney* and *J. B. Milham,* for appellee.

HUMPHREYS, J. Appellee was injured by an automobile driven by W. D. Hawkins, while making meter connections with the pipe line through which natural gas was carried to consumers in the town of Louann,

Arkansas. A ditch 6 feet long by 4 feet deep had been excavated about the middle of the main street in the town for the purpose of making the connection. In excavating the same the dirt had been thrown out on the sides of the ditch, and served as some protection against injury to workmen engaged in making the connection. As a further protection a telephone pole was laid at right angles to and immediately in front of the ditch. The ditch was near the intersection of two streets where there was much traffic. There was a distance between it and the sidewalk on one side of 19 feet, and 25 feet on the other side, for the public to drive around the ditch. In making the connection it was necessary for the workmen doing the work to look down.

Appellee brought this suit in the circuit court of Ouachita County against appellant to recover damages for the injury received while making the meter connection, alleging that he was in the employ of appellant at the time, and that it failed to use due care to furnish him a reasonably safe place in which to work. Also that his foreman, R. J. Lewis, committed acts of negligence attributable to appellant by inducing him to go in the ditch and tighten up the connections on the promise to stand there and keep watch for the traffic, or warn appellee of its approach, and in walking away from the ditch without informing appellee and without appellee's knowledge of his departure.

Appellant filed an answer, denying that appellee or his foreman was in its employ at the time of the injury, as well as all other material allegations in the complaint, and interposed the further defenses of assumed risk and contributory negligence.

The cause proceeded to trial, and at the conclusion of the testimony appellant requested the court to instruct a verdict, which the court refused to do, over its objection and exception. The cause was then submitted to the jury upon the pleadings, testimony introduced by the parties and instructions of the court, which resulted

in a verdict and judgment against appellant for $1,500, from which is this appeal.

Appellant contends that the trial court committed reversible error in refusing to instruct a verdict for it, for two alleged reasons:

First. The undisputed proof shows that the accident was due to the negligence of a third person, and that it could not have been reasonably anticipated by the defendant.

Second. That plaintiff, at the time of the accident complained of, was not engaged in the performance of any duties for the Natural Gas & Fuel Corporation, but was working with a crew in the employ of Public Utilities Corporation; that the undisputed proof shows that the man R. J. Lewis, of whose alleged negligence plaintiff complains, was in the employ of Public Utilities Corporation.

(1). The undisputed proof does not show that the injury was caused solely by the negligence of a third party, nor that it was an injury that could have been reasonably anticipated. Appellee testified that the injury resulted from a failure of his foreman, R. J. Lewis, to stand watch for him, as he had promised to do, while he made the connection. Dr. Cotner testified that he saw Lewis standing by the ditch, keeping watch for awhile, but, after a few minutes, he went away and left appellee unprotected. R. J. Lewis testified that appellee kept watch for him while he was working in the ditch. C. H. Vick testified that it was the custom to put two men on ditch jobs like this, so that, by alternating, one could keep watch while the other worked. We think that this proof, if believed by the jury, indicated that the injury was the result of the concurring negligence of the driver of the automobile and R. J. Lewis.

(2). Neither does the undisputed proof show that appellee was employed by the Public Utilities Corporation. Appellee testified that he was working for appellant at the time he was injured. He was corroborated in his statement by J. A. Chinn, who testified that he was

employed by appellant, and was working in the public utilities department; that both McNeil and Lewis were working under him, and that he paid appellee for the work he was doing at the time of his injury, as the representative of appellant. With this testimony in the record it cannot be said that the undisputed evidence showed that appellee was working for the Public Utilities Corporation at the time he received the injury.

Appellant also contends that the trial court committed reversible error in giving instruction No. 3, which is as follows:

"You are instructed that it was the duty of the defendant to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to perform his work, and, if you believe from the evidence in this case that defendant failed to exercise ordinary care to furnish plaintiff with a reasonably safe place to do his work, and plaintiff was injured thereby, and that the injury was caused by such failure on the part of the defendant to exercise such care to furnish a reasonably safe place to work, then you are told to find for the plaintiff in this action."

The instruction is criticised on the alleged ground that it excluded from the jury's consideration the defense of assumed risk and the issue of whether or not appellee was employed by appellant at the time he received the injury. The instruction does not mention either defense, and, standing alone, it would be subject to the criticism made, but instruction No. 2 immediately preceding it, which was given by the court, told the jury that appellee assumed all risks incident to his employment, except the risk growing out of the negligence of appellant or its employees, unless he knew of such negligence and appreciated the danger thereof. Instructions numbers 4 and 5, given by the court, imparted the information to the jury that, in order to fix liability upon appellant for the injury, it was necessary to find that he was in its employ at the time. The court also told the jury that they must consider the instructions given in

the case as a whole, and, when so considered together as a whole, they constituted the law by which they should be governed in making up their verdict.

In view of the juxtaposition of instructions numbers 2, 3, 4 and 5, and the court's instruction to the effect that no one instruction should be regarded by them as the law of the case, but, in arriving at the verdict, they must be governed by all of the instructions, it cannot be said that the defenses referred to were excluded from the jury's consideration.

The instruction is also criticised because it told the jury as a matter of law to find for appellee merely upon the finding that appellant had failed to exercise ordinary care to furnish appellee with a reasonably safe place to work. It is argued that appellee assumed all dangers incident to the location of the job and its physical surroundings, and that the only act of negligence attributable to appellant, under the testimony introduced by appellee, was the failure of R. J. Lewis to keep watch, if he promised to do so, while appellee was working in the ditch. In other words, the argument is made that the instruction was abstract and misleading in submitting the issue of whether or not appellant exercised ordinary care to furnish appellee a reasonably safe place in which to work, because there was no evidence tending to show such neglect aside from the failure of R. J. Lewis to keep watch, if he promised to do so.

The majority of the court is of the opinion that, if the jury found R. J. Lewis had promised to keep watch, and walked away without the knowledge of appellee while he was at work in the ditch, thus leaving him unprotected, the jury might have found, under the circumstances, that appellant failed to furnish appellee with a reasonably safe place to work after the departure of R. J. Lewis.

Lastly, appellant contends for a reversal of the judgment because the court gave appellee's requested instruction No. 4, which is as follows:

"You are instructed that, if you find from a preponderance of the evidence in this case that the plaintiff was in the employ of the defendant company and was working for it under the orders and instructions of its foreman, and you find from the evidence that he was in the exercise of ordinary care for his own protection, and you find from the evidence that he had not assumed the risk, and you find from the evidence that he was injured on account of the negligence of the defendant company, its agents, servants or employees, as alleged in the complaint, it will be your duty and you are told to find for the plaintiff."

The instruction is criticised because it also, like instruction No. 3, submitted the issue to the jury of whether appellant was negligent in failing to furnish appellee a reasonably safe place in which to work. As stated above, a majority of the court is of the opinion that the testimony warranted the submission of that issue to the jury.

The writer is of the opinion that the only evidence introduced tending to show that appellant was negligent was its failure to keep a watchman at the ditch while appellee was making the meter connection, and that the trial court committed reversible error in submitting any other issue to the jury.

In accordance with the majority opinion, the judgment is affirmed.